ROGERS JOSEPH O'DONNELL
RENÉE D. WASSERMAN (State Bar No. 108118)
ALEXIS JANSSEN MORRIS (State Bar No. 200264)
311 California Street, 10th Floor
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457
E-mail address: rwasserman@rjo.com

THE LUSTIGMAN FIRM, P.C.
SHELDON S. LUSTIGMAN (admitted *pro hac vice*)
ANDREW B. LUSTIGMAN (admitted *pro hac vice*)
149 Madison Avenue, Suite 805
New York, New York 10016
Telephone: 212.683.9180
Facsimile: 212.683.9181
E-mail address: andy@lustigmanfirm.com

Attorneys for Defendants
MEDLAB, INC., PINNACLE
HOLDINGS, INC., METABOLIC
RESEARCH ASSOCIATES, INC.,
U.S.A. HEALTH, INC. and
L. SCOTT HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MEDLAB, INC., et al.,<br><br>Defendants. | Case No. CV-08-0822-SI<br><br>**ANSWER TO COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMAND** |

Defendants Medlab, Inc. ("Medlab"), Pinnacle Holdings, Inc. ("Pinnacle"), Metabolic Research Associates, Inc. ("MRA"), USA Health, Inc. ("USA") (collectively the "Corporate Defendants"), and L. Scott Holmes (collectively "Defendants"), through undersigned counsel, hereby Answer the Complaint of the Plaintiff Federal Trade Commission as follows:

Page 1

ANSWER TO COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF
CASE NO: CV-08-0822-SI

267357.1

1. This paragraph sets forth plaintiff's description of the action and therefore requires no response. To the extent a response is deemed required, the assertions are denied.

## JURISDICTION AND VENUE

2. The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants reserve the right to raise a defense of lack of subject matter jurisdiction.

3. The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny that venue is proper.

## INTRADISTRICT ASSIGNMENT

4. The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants Medlab and MRA admit that, upon information and belief, its products were offered to residents of San Francisco and elsewhere and deny that any violations occurred. Defendants Pinnacle, USA and Holmes deny the allegations of this paragraph.

## THE PARTIES

5. This paragraph sets forth plaintiff's description of its governmental status and enforcement powers and therefore requires no response. To the extent a response is deemed required, Defendants admit that the FTC is a federal governmental agency authorized, in appropriate circumstances, to seek relief in federal court for certain violations of Section 5(a) and Section 12 of the FTC Act.

6. Upon information and belief, Defendants admit the allegations set forth in this paragraph, and allege that Medlab was dissolved in March 2008.

7. Upon information and belief, Defendants admit the allegations set forth in the first sentence of this paragraph, but deny the remaining allegations.

8. Upon information and belief, Defendants admit the allegations set forth in this paragraph, and allege that MRA was dissolved in June 2007.

Page 2

ANSWER TO COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF
CASE NO: CV-08-0822-SI

267357.1

9. Upon information and belief, Defendants admit the allegations of the first sentence of this paragraph. Defendants deny the remaining allegations of this paragraph. Defendants allege that USA had advertised and sold its weight loss product in certain states, but had not done so in the Northern District of California, and had not transacted business in the Northern District of California. Defendants further allege that USA was dissolved in June 2007.

10. Defendants deny the allegations of paragraph 10.

11. Upon information and belief, Defendants admit the allegations of the first two sentences of this paragraph. The third sentence of this paragraph states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. All remaining allegations of this paragraph are denied.

12. The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

13. Defendants deny the allegations of this paragraph, except admit that since at least 2005 and continuing until approximately January 2007, Defendants Medlab, MRA and USA advertised and marketed certain weight loss products under certain names set forth, in certain states.

14. Defendants Pinnacle and Holmes deny the allegations of this paragraph. Defendants Medlab, MRA and USA admit the allegations of this paragraph, except allege that the price at which the product was sold varied.

15. Defendants Pinnacle and Holmes deny that they have disseminated or caused any advertisements referred to in Paragraph 15 to be disseminated. Defendants assert that the term "caused" is inherently vague, subjective, and susceptible to numerous different interpretations and therefore lack a good faith basis to respond and therefore deny the same. Defendants Medlab, MRA and USA admit that at different times, one or more of them placed certain advertisements that contained the language quoted in sub-parts 15 (a) through(z) as set forth in Exhibits A through U of the Complaint. Defendants deny that

the quotations that appear in Paragraph 15 accurately or fully reflect the express and/or implied messages of the advertisements and refer to the advertisements themselves for the complete text of the representations, and the context in which the statements were made.

16. The allegations set forth in this paragraph call for a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations.

## COUNT I

17. Defendants deny the assertions in this paragraph and further allege that the terms "causes" and "rapidly" are not defined in the Complaint, and are inherently vague, subjective and susceptible to numerous different interpretations.

18. The allegations set forth in this paragraph call for a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, the Defendants deny the allegations. In addition, Defendants allege that substantiation exists now and existed at the time the advertisements were made.

## CONSUMER INJURY

19. Defendants deny the assertions in this paragraph. Defendants further assert that the products in question were all sold pursuant to an unconditional money back guarantee of satisfaction so that any consumer who may have been dissatisfied with the purchase was able to receive a full refund of the purchase price. Defendants also allege that sales of the products in question were heretofore discontinued.

## THE COURT'S POWER TO GRANT RELIEF

20. This paragraph purports to describe the powers of this Court and otherwise calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

Without assuming any burden of production or proof that they would not otherwise be required to bear under applicable law, Defendants assert the following defenses and reserve their right to raise additional defenses as appropriate:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because at all times Defendants were acting in good faith.

## SECOND AFFIRMATIVE DEFENSE

The causes of action are barred by the doctrine of laches, estoppel, and/or waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it has failed to exhaust its administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Any monetary relief is subject to offset by the benefits received by consumers, costs associated with the sale of services, and/or refunds paid to consumers. Moreover, any monetary relief requested that would go to the federal government should be reduced by what the Defendants have paid in taxes and in postage to the federal government.

## FIFTH AFFIRMATIVE DEFENSE

This Complaint is barred because the Defendants' actions are privileged and protected by the First Amendment to the United States Constitution. The FTC, by its Complaint, seeks to restrict, restrain and/or prohibit protected commercial speech, through the use of ad hoc and non-defined terms and advertising substantiation lacking any measurable degree of definiteness. To the extent the FTC's actions are premised at least in part upon alleged representations made "by implication", the FTC has labeled them false or misleading without relying on extrinsic evidence. In proceeding this way, the FTC has failed to choose and/or rejected alternate means to achieve its interests that are less restrictive of protected speech.

## SIXTH AFFIRMATIVE DEFENSE

This action is based upon regulatory standards governing the quantity and quality of substantiation Defendants must possess at the time they make express and implied claims in advertisements. The standards fail and have failed to provide reasonable

persons, including Defendants, with fair notice as to whether contemplated claims in advertisements, including those at issue in this proceeding, are and were permissible and/or allow and have allowed the FTC and/or its representatives to enforce the standards pursuant to their personal or subjective predilections. The regulatory standards are thus unconstitutionally vague on their face and/or as applied to Defendants' prior and contemplated advertising activity and, therefore, violate Defendants' rights to due process under the Fifth Amendment to the Constitution of the United States and the Complaint is thus not in the public interest. The Complaint based upon such standards is therefore barred.

### SEVENTH AFFIRMATIVE DEFENSE

One or more of the advertisements identified in the Complaint contains one or more claims and/or representations that are vague, generalized, subjective, highly suggestive, and/or exaggerated statements, and/or statements that ordinary consumers do not take literally or rely upon, and/or statements that cannot be substantiated objectively. Such claims and/or representations constitute puffery, which is not likely to mislead a reasonable consumer.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery under the Complaint and each claim for relief alleged therein on the grounds that Defendants had a reasonable basis and adequate substantiation for each and every statement made by them in connection with the matters alleged therein.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has waived any and all claims it may have or have had against the Corporate Defendants for consumer relief, because each allegedly injured consumer entered into a contract with the Corporate Defendants and thereafter waived any rights to consumer relief.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to consumer relief because there exists an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for injunctive relief is moot as the Corporate Defendants discontinued the challenged claims.

### TWELFTH AFFIRMATIVE DEFENSE

The monetary penalties plaintiff seeks under the guise of "disgorgement" and "restitution" are unavailable and improper as "consumer redress" or otherwise in this case.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's actions in this matter have been arbitrary and capricious.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant Holmes reasonably relied in good faith on information, advice and directions supplied by others.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Holmes did not act in his individual capacity.

Defendants reserve the right to assert additional affirmative defenses that become apparent during discovery.

### DEMAND FOR ATTORNEY'S FEES

Defendants reserves all claims for attorney's fees and costs that they may have under the Recovery of Awards Under the Equal Access to Justice Act.

WHEREFORE, Defendants pray for judgment against Plaintiff, as follows:

1. That Plaintiff take nothing by way of its Complaint.
2. That the Court dismiss, with prejudice, the Complaint and each purported cause of action therein;
3. That the Defendants be awarded their costs of suit, including attorneys' fees.
4. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Defendants demand a trial by jury to the extent Plaintiff seeks to impose obligations

1 | that are akin to penalties.

2 | Dated: April 3, 2008

ROGERS JOSEPH O'DONNELL

By: _____
RENEE D. WASSERMAN

Attorneys for Defendants
MEDLAB, INC., PINNACLE HOLDINGS, INC., METABOLIC RESEARCH ASSOCIATES, INC., U.S.A. HEALTH, INC. AND L. SCOTT HOLMES

**PROOF OF SERVICE**
**[C.C.P. § 1013, C.R.C.§ 2008, F.R.C.P. Rule 5]**

I, Yvonne C. Wallace, state:

My business address is 311 California Street, 10th Floor, San Francisco, CA 94104. I am employed in the City and County of San Francisco where this service occurs. I am over the age of eighteen years and not a party to this action. On the date set forth below, I served the foregoing documents described as:

**ANSWER TO COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Kerry 'Brien
Sarah Schroeder
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA  94103

X   BY FIRST CLASS MAIL: I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

___ BY PERSONAL SERVICE: I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

___ BY OVERNIGHT MAIL: I caused such envelope to be delivered by a commercial carrier service for overnight delivery to the office(s) of the addressee(s).

___ BY FACSIMILE: I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: April 4, 2008

                                    _____
                                    Yvonne C. Wallace