WILLIAM BLUMENTHAL
General Counsel

Kerry O'Brien (Cal. Bar No. 149264)
Sarah Schroeder (Cal. Bar No. 221528)
Evan Rose (Cal. Bar No. 253478)
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Telephone: (415) 848-5189
Fax: (415) 848-5184
E-mail address: kobrien@ftc.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>     v.<br><br>MEDLAB, INC.,<br><br>PINNACLE HOLDINGS, INC.,<br><br>METABOLIC RESEARCH ASSOCIATES, INC.,<br><br>U.S.A. HEALTH, INC., and<br><br>L. SCOTT HOLMES,<br>individually and as an officer of Medlab, Inc.;<br>Pinnacle Holdings, Inc.; Metabolic Research<br>Associates, Inc.; and U.S.A. Health, Inc.,<br><br>   Defendants. | No. C-08-00822 SI<br><br>Hearing Date:  June 13, 2008<br>Hearing Time:  9:00 a.m.<br>Courtroom:  10, 19th Floor<br><br>**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND JURY DEMAND, AND OPPOSITION TO DEFENDANTS' REQUEST TO DISMISS THE COMPLAINT** |

1  **NOTICE OF MOTION TO STRIKE AFFIRMATIVE DEFENSES AND JURY DEMAND,**

2  **AND OPPOSITION TO DEFENDANTS' REQUEST TO DISMISS THE COMPLAINT**

3  TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

4  PLEASE TAKE NOTICE THAT, on June 13, 2008, at 9:00 a.m., pursuant to Rules 12(f)

5  and 39(a)(2) of the Federal Rules of Civil Procedure, the Federal Trade Commission ("FTC" or

6  "Commission"), will move to strike ten of the fifteen affirmative defenses in Defendants'

7  Answer, as well as Defendants' jury demand and motion to dismiss.

8  As illustrated in the accompanying memorandum of points and authorities, Defendants'

9  April 4, 2008, *Answer to Complaint for Injunctive and Other Equitable Relief; Jury Trial*

10  *Demand* ("Answer") includes numerous legally insufficient defenses. In the interest of

11  streamlining the ultimate resolution of this case, Plaintiff respectfully requests that the Court

12  strike the following affirmative defenses in the Defendants' Answer: laches, estoppel, and/or

13  waiver (Second Defense); failure to exhaust administrative remedies (Third Defense); offsets for

14  costs (Fourth Defense); violation of First Amendment (Fifth Defense); violation of due process

15  (Sixth Defense); waiver of rights to consumer relief (Ninth Defense); existence of an adequate

16  remedy at law (Tenth Defense); action is moot (Eleventh Defense); improper request for

17  consumer redress (Twelfth Defense); and action is arbitrary and capricious (Thirteenth Defense).

18  Moreover, the Court should strike the Defendants' jury demand because the Commission's case

19  is purely equitable in nature. Finally, the Court should deny Defendants' request to dismiss the

20  well-pleaded Complaint.

21

22  Respectfully Submitted,

23  WILLIAM BLUMENTHAL
   General Counsel

24

   Dated:    April 24, 2008            /s/ Sarah Schroeder
25  KERRY O'BRIEN
   SARAH SCHROEDER
26  EVAN ROSE
   Attorneys for Plaintiff Federal Trade Commission
27  901 Market Street, Suite 570
   San Francisco, CA 94103
28  (415) 848-5100 (phone)
   (415) 848-5184 (facsimile)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   TEN AFFIRMATIVE DEFENSES SHOULD BE STRICKEN . . . . . . . . . . . . . . . . . . . . 1

      A.    Laches, Waiver, and Estoppel Are Inapplicable Against the Government [Second
            Defense] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

            1.    Laches  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

            2.    Waiver . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            3.    Estoppel  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.    This Equitable Action Is Specifically Authorized by Section 5(a) of the FTC Act;
            Therefore, the FTC Need Not Exhaust Administrative Remedies
            [Third Defense] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      C.    Monetary Relief in this Case Is Not Subject to Offsets for Alleged Benefits
            Received by Consumers, Nor Is it Subject to Reduction by Taxes or Postage
            [Fourth Defense]  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      D.    Deceptive Advertising Is Not a Constitutional Right [Fifth Defense] . . . . . . . . . . 6

      E.    "Due Process" Is Not a Valid Affirmative Defense to Allegations That
            Defendants Violated the FTC Act [Sixth Defense] . . . . . . . . . . . . . . . . . . . . . . . 6

      F.    Defendants Have Not Sufficiently Pled That the Commission Improperly
            Targeted Them for Prosecution [Sixth and Thirteenth Defenses] . . . . . . . . . . . . 9

      G.    Neither the Commission Nor Consumers Have Waived Any Claims Against the
            Corporate Defendants [Ninth Defense]  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      H.    The Commission's Complaint Is Not Moot [Eleventh Defense]  . . . . . . . . . . . 10

      I.    The Relief the Commission Seeks Is Proper and Is Not Subject to Attack on the
            Basis That There Is an Adequate Remedy at Law
            [Tenth and Twelfth Defense] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.  DEFENDANTS' JURY DEMAND SHOULD BE STRICKEN  . . . . . . . . . . . . . . . . 11

      A.    The Right to Trial by Jury Applies Only to Suits at Law . . . . . . . . . . . . . . . . . 11

B.    The Commission's Action Against Defendants Is an Action in Equity in Which

There Is No Right to Trial by Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

C.    Courts Have Uniformly Stricken Requests for Jury Demands in FTC

Cases  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV.    DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED . . . . . . . . . . . . . . . 13

V.    CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1

2

**TABLE OF AUTHORITIES**
**FEDERAL CASES**

3

*Bristol-Myers Co. v. FTC*,
    738 F.2d 554 (2d. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4

*California ex rel. State Lands Com. v. United States*,
    512 F. Supp. 36, 38 (N.D. Cal. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5

6

*Chauffeurs, Teamsters and Helpers, Local No.391 v. Terry*,
    494 U.S. 558 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

7

*Cleveland Board of Education*,
    470 U.S. 532 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

8

9

*Costello v. U.S.*,
    365 U.S. 265 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

10

*Federal Sav. & Loan Ins. Corp. v. Budette*,
    696 F. Supp. 1183, 1188 (E.D. Tenn. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

11

*FTC v. Amrep Corp.*,
    705 F. Supp. 119 (S.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

12

13

*FTC v. Amy Travel*,
    875 F.2d 564 (7th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

14

*FTC v. Atlantex Associates*,
    1987 U.S. Dist. LEXIS 10911 (S.D. Fla. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15

16

*FTC v. Braswell*,
    2005 WL 3618269 (C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

17

*FTC v. Bronson Partners, LLC*,
    2006 U.S. Dist. LEXIS 3315 (D. Conn. 2006) . . . . . . . . . . . . . . . . . . . . . . . 3-4, 9, 11, 13

18

19

*FTC v. Debt Solutions, Inc.*,
    2006 WL 2257022 (W.D. Wash. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

20

21

*FTC v. Febre*,
    128 F.3d 530 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

22

*FTC v. Figgie International, Inc.*,
    994 F.2d 595 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

23

24

*FTC v. Five-Star Automobile Club, Inc.*,
    97 F. Supp. 2d 502 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

25

*FTC v. Gem Merchandising*,
    87 F.3d 466 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

26

27

*FTC v. H.N. Singer, Inc.*,
    668 F.2d 1107 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

28

*FTC v. Hang-Ups Art Enterprises, Inc.*,
    1995 U.S. Dist. LEXIS 21444 (C.D. Cal. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 13

*FTC v. International Diamond Corp.*,
 1983-2 Trade Cas. (CCH) ¶ 65,506 (N.D. Cal. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*FTC v. Magazine Solutions, LLC*,
 2007 WL 2815695 (W.D. Pa 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*FTC v. Medicor LLC*,
 2001 WL 765628, 1-2 (C.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

*FTC v. North East Telecommunications, Ltd.*,
 1997 U.S. Dist. LEXIS 10531 (S.D. Fla. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*FTC v. Pantron I Corp.*,
 33 F.3d 1088 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*FTC v. Renaissance Fine Arts, Ltd.*,
 1995-2 Trade Cas. (CCH) ¶71,086 (N.D. Ohio 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*FTC v. Seismic Entm't Products, Inc.*,
 441 F. Supp. 2d 349 (D.N.H. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*FTC v. Stefanchik*,
 2004 WL 5495267, 2 (W.D. Wash. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*FTC v. Think All Publishing, LLC*,
 2008 WL 793579 (E.D. Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*FTC v. Window Rock Enterprise, Inc.*,
 2006 WL 3878430 (C.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*FTC v. World Travel Vacation Brokers, Inc.*,
 761 F. Supp. 68 (N.D. Ill. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*FTC v. World Wide Factors, Ltd.*,
 882 F.2d 344, 348 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Feltner v. Columbia Pictures Television, Inc.*,
 523 U.S. 340 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Fog Cutter Capital Group, Inc. v. SEC*,
 474 F.3d 822 (D.C. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Granfinaciera, S.A. v. Nordberg*,
 492 U.S. 33 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*Hart v. Baca*,
 204 F.R.D. 456 (C.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

*Heller Financial, Inc. v. Midwhey Powder Co., Inc.*,
 883 F.2d 1286 (7th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Kraft, Inc. v. FTC*,
 970 F.2d 311 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*McGregor v. Chierico*,
 206 F.3d 1378 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Metagenics, Inc.,*
　　1995 FTC LEXIS 2, 2 (Jan. 5, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rubbermaid, Inc. v. FTC,*
　　575 F.2d 1169 (6th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*S.E.R., Jobs For Progress, Inc. v. U.S.,*
　　759 F.2d 1 (Fed. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Sears, Roebuck, & Co. v. FTC,*
　　676 F.2d 385 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Simpson v. Office of Thrift Supervision,*
　　29 F.3d 1418 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-13

*Southwest Sunsites, Inc. v. FTC,*
　　785 F.2d 1431 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Spinelli v. Gaughan,*
　　12 F.3d 853 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*Sunshine Art Studios, Inc. v. FTC,*
　　481 F.2d 1171 (1st Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Thomas v. Americredit Financial Corp.,*
　　2007 WL 2012791 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Tull v. United States,*
　　481 U.S. 412 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*U.S. v. 729,773 Acres of Land,*
　　531 F. Supp. 967 (D. Haw. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*U.S. v. America Elect. Power Service Corp.,*
　　218 F. Supp. 2d 931 (E.D. Ohio 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*U.S. v. Ruby,*
　　588 F.2d 697 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*U.S. v. Sage Pharmaceutical, Inc.,*
　　210 F.3d 475 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*U.S. v. Summerlin,*
　　310 U.S. 414 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*U.S. v. Weintraub,*
　　613 F.2d 612 (6th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Armstrong,*
　　517 U.S. 456 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*United States v. JS&A Group, Inc.,*
　　716 F.2d 451 (7th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Reader's Digest Association, Inc.,*
　　464 F. Supp. 1037 (D. Del. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Wyshak v. City National Bank,*
607 F.2d 824 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**DOCKETED CASES**

*FTC v. Bronson Partners LLC,*
Case No. 3:04-cv-01866 (D. Conn. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**FEDERAL STATUTES**

Section 5(a) of the FTC Act, 15 U.S.C. § 45(a)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 9

Section 12 of the FTC Act, 15 U.S.C. § 52 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 9

Section 13(b) of the FTC Act, 15 U.S.C. § 53(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 9-12

Section 19(a) of the FTC Act, 15 U.S.C. § 57b(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Federal Rule of Civil Procedure 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

**MISCELLANEOUS**

2 *Moore's Federal Practice* § 12.37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3      The FTC brings this action against Medlab, Inc., Pinnacle Holdings Inc., Metabolic

4  Research Associates, Inc., U.S.A. Health Inc., and L. Scott Holmes ("Defendants"), pursuant to

5  Sections 5(a), 12, and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 52, and 53(b).  The FTC filed

6  its *Complaint for Injunctive and Other Equitable Relief* ("Complaint") on February 6, 2008,

7  challenging Defendants' advertising of their purported weight loss pill.  The Complaint alleges

8  that Defendants deceptively promised consumers that their pill (1) enables consumers to lose a

9  substantial amount of weight rapidly, without dieting or exercising; (2) causes permanent weight

10 loss; and (3) is supported by clinical studies.  On April 4, 2008, Defendants filed an Answer to

11 the Complaint raising fifteen affirmative defenses, inserting a jury demand, and asking the Court

12 to dismiss the Complaint.  *Answer to Complaint for Injunctive and Other Equitable Relief*

13 ("Answer").  For the reasons set forth below, Plaintiff respectfully requests that the Court deny

14 Defendants' request to dismiss the complaint, reject Defendants' jury demand, and strike ten of

15 Defendants' affirmative defenses.

16

## II.    TEN AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

17      Under Federal Rule of Civil Procedure 12(f), a party may move to strike "from any

18 pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

19 matter."  It is appropriate to grant such motions "where the defense is clearly legally

20 insufficient."  *United States v. 729,773 Acres of Land*, 531 F. Supp. 967, 971 (D. Haw. 1982);

21 *FTC v. Medicor LLC*, 2001 WL 765628, at *1-2 (C.D. Cal. 2001); *FTC v. Stefanchik*, 2004 WL

22 5495267, at *2 (W.D. Wash. 2004) ("An affirmative defense is insufficient if as a matter of law

23 it cannot succeed under any circumstances.").

24      Eliminating insufficient defenses is an exercise of the district court's inherent power to

25 limit pleadings, expedite the administration of justice, and prevent abuse of its process.  *See* 2

26 *Moore's Federal Practice* § 12.37.  If the defense asserted is invalid as a matter of law, then it

27 should be stricken to avoid the needless expenditure of time and money involved in litigating

28 fruitless matters, and to focus the parties on the bona fide issues in the case.  *Hart v. Baca*, 204

1  F.R.D. 456, 457 (C.D. Cal. 2001); *California ex rel. State Lands Com. v. United States*, 512 F.

2  Supp. 36, 38 (N.D. Cal. 1981) ("Where the motion may have the effect of making the trial of

3  action less complicated, or have the effect of otherwise streamlining the ultimate resolution of

4  the action, the motion to strike will be taken."); *Fed. Sav. & Loan Ins. Corp. v. Budette*, 696 F.

5  Supp. 1183, 1188 (E.D. Tenn. 1988) ("Forthrightly dealing with inadequate or improper

6  affirmative defenses . . . at an early stage in the litigation helps the parties focus discovery on the

7  real issues in the case and reduces the cost of litigation to the parties.").

8      Under these criteria, ten of the fifteen affirmative defenses should be stricken from the

9  Answer as insufficient, redundant, or immaterial.  These defenses are not grounded in law and

10  are unfounded.  Their presence at trial will confuse the issues before the court, complicate and

11  delay the proceedings, and needlessly raise the costs of discovery and trial.

12      Furthermore, Defendants' affirmative defenses are not sufficiently pleaded.  Affirmative

13  defenses must set forth a "short and plain statement" of the defense.  *Heller Fin., Inc. v.*

14  *Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citing *Bobbitt v. Victorian*

15  *House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982)).  An affirmative defense is not

16  sufficiently pleaded if it fails to give "fair notice of the defense."  *Wyshak v. City Nat'l. Bank*,

17  607 F.2d 824, 827 (9th Cir. 1979).  Defendants describe each affirmative defense in a single

18  sentence or short paragraph with no factual details, thus failing to meet the minimum pleading

19  standard.

20      **A.    Laches, Waiver, and Estoppel Are Inapplicable Against the Government**

21          **[Second Defense]**

22          **1.    Laches**

23      Numerous courts have held that the United States is not subject to the defense of laches

24  in enforcing its rights.  *United States v. Summerlin*, 310 U.S. 414, 416 (1940); *FTC v. Magazine*

25  *Solutions, LLC*, 2007 WL 2815695, at *1 (W.D. Pa. 2007) (striking affirmative defense because

26  laches cannot be asserted against a government agency acting to protect the public interest)*; FTC*

27  *v. Debt Solutions, Inc.*, 2006 WL 2257022, at *1 (W.D. Wash. 2006) ("As to the equitable

28  defenses of estoppel, waiver, unclean hands, and laches, the FTC correctly notes that equitable

1  defenses are unavailable to a party seeking to avoid a governmental entity's exercise of statutory

2  power."); *FTC v. Bronson Partners, LLC,* 2006 U.S. Dist. LEXIS 3315, at *2 (D. Conn. 2006)

3  (striking defense of laches in an FTC case because the defense is "legally insufficient").

4      As the Supreme Court has explained, "[t]he reason underlying the principle . . . is 'to be

5  found in the great public policy of preserving the public rights, revenues, and property from

6  injury and loss, by the negligence of public officers.'" *Costello v. United States*, 365 U.S. 265,

7  281 (1961) (quoting *United States v. Hoar*, 26 F. Cas. (C.C.D. Mass. 1821)); s*ee also S.E.R.,*

8  *Jobs for Progress, Inc. v. United States*, 759 F.2d 1, 7 (Fed. Cir. 1985); *United States v.*

9  *Weintraub*, 613 F.2d 612, 618 (6th Cir. 1979). Plaintiff has found no binding precedent which

10 requires the Court to allow the defense of laches. *But cf. FTC v. Hang-Ups Art Enterprises, Inc.*,

11 1997-1 Trade Cas. (CCH) ¶ 71,709; 1995 U.S. Dist. LEXIS 21444, at *12 (C.D. Cal. 1995)

12 (declining to strike laches defense because "[t]he facts of the case should decide whether there

13 has been affirmative misconduct by the government").

14      When the Commission enforces public rights, as is the case here, laches simply does not

15 apply.  For that reason, Plaintiff respectfully requests that the Court strike Defendants' laches

16 defense.  If the Court concludes in theory that laches may be asserted, it still should strike

17 Defendants' laches defense because Defendants do not allege that the FTC engaged in

18 affirmative misconduct.

19           **2.    Waiver**

20      Waiver is unavailable as a defense when the FTC is attempting to enforce an act of

21 Congress.  *FTC v. Debt Solutions, Inc.*, 2006 WL 2257022, at *1 (W.D. Wash. 2006); *FTC v.*

22 *Bronson Partners, LLC,* 2006 U.S. Dist. LEXIS 3315, at *2 (D. Conn. 2006) ("The FTC may not

23 waive the requirement of an act of Congress."); *United States v. Reader's Digest Ass'n, Inc.*, 464

24 F. Supp 1037, 1043 (D. Del. 1978), *aff'd*, 662 F.2d 955 (3d Cir. 1981), *cert. denied*, 455 U.S.

25 908 (1982) (holding that waiver is not available in action on Commission's behalf).  Because the

26 Commission cannot waive its right and duty to enforce the laws of the United States, the defense

27 of waiver is legally insufficient and should be stricken.  In addition, this defense is duplicative of

28 Defendants' Ninth Affirmative Defense, which is discussed in more detail in *Section II.G.*

1          **3.      Estoppel**

2          Estoppel is not a defense in a government action unless there is evidence of "affirmative

3   misconduct" by government representatives.  *United States v. Ruby Co.*, 588 F.2d 697, 703 (9th

4   Cir. 1978); *FTC v. Medicor LLC*, 2001 WL 765628, at *3-4 (C.D. Cal. 2001) (striking

5   affirmative defense because Defendants did not allege essential elements of estoppel).  Here,

6   Defendants' one-sentence allegation that this action is "barred by the doctrine of laches,

7   estoppel, and/or waiver" fails to allege any misconduct and does not meet minimum pleading

8   requirements.  *See* Answer at 5.  Thus, the court should strike this affirmative defense.

9   **B.      This Equitable Action Is Specifically Authorized by Sections 5(a) and 12 of**

10         **the FTC Act; Therefore, the FTC Need Not Exhaust Administrative**

11         **Remedies [Third Defense]**

12         Failure to exhaust administrative remedies is not a valid defense to the Commission's

13  action.  The law is clear that in a proper case, the FTC may seek a permanent injunction even

14  when no administrative proceedings are pursued.  Matters involving false and deceptive

15  advertising are "proper cases."  *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 348 (9th Cir.

16  1989).  In such cases, the FTC can seek relief directly in federal district court without also

17  initiating "wasteful and repetitious" administrative proceedings.  *FTC v. Int'l Diamond Corp.*,

18  1983-2 Trade Cas. (CCH) ¶ 65,506 at 68,457 (N.D. Cal. 1983); *See also FTC v. Bronson*

19  *Partners, LLC*, 2006 WL 197357, *at 2 (D. Conn. 2006) ("Exhaustion of administrative

20  remedies is not required.").  The second proviso of Section 13(b) of the FTC Act, 15 U.S.C. §

21  53(b), under which this action is brought, does not limit the availability of relief to situations

22  where the Commission contemplates pursuing an administrative proceeding.  *United States v.*

23  *JS&A Group, Inc.*, 716 F.2d 451, 457 (7th Cir. 1983).  Thus, the defense of failure to exhaust

24  administrative remedies should be stricken.

25  **C.      Monetary Relief in this Case Is Not Subject to Offsets for Alleged Benefits**

26         **Received by Consumers, Nor Is It Subject to Reduction by Taxes or Postage**

27         **[Fourth Defense]**

28         It is well settled that the amount of monetary relief in consumer protection cases brought

1  under Section 13(b) of the FTC Act is equal to total consumer sales, less any refunds.  *FTC v.*

2  *Renaissance Fine Arts, Ltd.*, 1995-2 Trade Cas. (CCH) ¶ 71,086 at 75,194 (N.D. Ohio 1995)

3  ("Generally, the appropriate amount of restitution in consumer redress cases is the full purchase

4  price of the product, less refunds paid."); *see also FTC v. Febre*, 128 F.3d 530, 536 (7th Cir.

5  1997).  Other than refunds and charge-backs, no other offsets –such as for consumer benefit or

6  for costs associated with selling the product or service– are appropriate.  *Febre*, 128 F.3d at 536

7  (holding that consumers' losses, and not the defendants' profits, are the proper measure of

8  redress); *see FTC v. World Travel Vacation Brokers, Inc.*, 761 F. Supp. 68, 69 (N.D. Ill. 1991)

9  (holding that the court was not required to ascertain whether every purchaser was deceived by

10  the defendants' advertising or was dissatisfied with the defendants' services); *see also FTC v.*

11  *Gem Merch. Corp.*, 87 F.3d 466, 470 (11th Cir. 1996) (affirming an award based on consumer

12  losses); *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 570 (7th Cir. 1989) (same), *cert. denied*,

13  493 U.S. 954 (1989).  For example, the total sales figure was used as the measure of redress in

14  *McGregor v. Chierico*, 206 F.3d 1378 (11th Cir. 2000), a contempt case involving the fraudulent

15  telemarketing of copier toner.  *Id.* at 1380-81.  The court, basing its reasoning on the underlying

16  Section 13(b) action, held that "[w]hile it may be true that the defrauded businesses received a

17  useful product . . . the central issue here is whether the seller's misrepresentations tainted the

18  customer's purchasing decisions."  *Id.* at 1388.  This is because "the fraud in the selling, not the

19  value of the thing sold, is what entitles consumers in this case to full refunds."  *Id.* at 1389

20  (quoting *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 605 (9th Cir. 1993)).

21       In their Answer, Defendants seek offsets for various "costs" associated with their

22  deceptive sales practices, as well as for any "benefits" received by deceived consumers.  Answer

23  at 6.  Because this is a Section 13(b) action brought by the FTC in the public interest to stop

24  fraudulent sales and recoup consumer losses, as in the cases above, the proper measure of redress

25  for which Defendants should be held jointly and severally liable is the same as in those cases:

26  total consumer sales, excluding any sales refunded.  In addition to contravening precedent,

27  requiring consumers to pay for the sales mechanism that injured them would be nonsensical.

28       Defendants' also seek an offset for funds they paid to the federal government "in taxes

1   and in postage." Answer at 5. There is no authority for such a claim. Moreover, it conflicts

2   with the basic equity principal cited above, that the FTC is entitled to recoup for consumers the

3   total amount of money they lost on Defendants' fraudulent product.

4   　　　In sum, Defendants' "offset" defense is spurious, legally insufficient, and impertinent,

5   and should be stricken.

6   　　　**D.　　Deceptive Advertising Is Not a Constitutional Right [Fifth Defense]**

7   　　　Defendants assert that their actions are protected by the First Amendment because the

8   FTC's substantiation requirement restrains speech "through the use of ad hoc and non-defined

9   terms and advertising substantiation lacking any measurable degree of definiteness." Answer at

10  5. The Ninth Circuit long ago rejected this argument and held that "[t]he Commission may

11  require prior reasonable substantiation of product performance claims after finding violations of

12  the [FTC] Act, without offending the first amendment." *Sears, Roebuck, & Co. v. FTC*, 676

13  F.2d 385, 399 (9th Cir. 1982); *see also Bristol-Myers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir.

14  1984) (noting that the FTC's substantiation doctrine does not violate the First Amendment)*; FTC*

15  *v. Stefanchik*, 2004 WL 5495267, at *2 (W.D. Wash. 2004) ("The law is well settled that, once

16  speech is deemed to be false, misleading, and commercial, it is not constitutionally protected.")*;*

17  *In re Metagenics, Inc.*, 1995 FTC LEXIS 2, at *2-3 (1995) (striking affirmative defense that

18  claimed proposed FTC order would violate the defendant's free speech rights). Accordingly, the

19  Defendants' Fifth Defense should be stricken.

20  　　　**E.　　"Due Process" Is Not a Valid Affirmative Defense to Allegations That**

21  　　　　　　**Defendants Violated the FTC Act [Sixth Defense]**

22  　　　Defendants claim that the Due Process Clause of the Fifth Amendment to the U.S.

23  Constitution bars this action because deceptive advertising law is "unconstitutionally vague"

24  and, as a result, they did not have notice of what was required of them. Answer at 6. For the

25  reasons stated below, Defendants' Fifth Amendment argument is spurious.

26  　　　The Fifth Amendment provides, in pertinent part, that no person "shall be derived of life,

27  liberty, or property, without due process of law." *U.S. Const. amend. V*. The "root requirement"

28  of the Due Process Clause is that an individual be afforded the opportunity for a hearing before

being deprived of any significant property interest. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)).  Federal courts have routinely rejected arguments that due process has been violated, absent a concrete showing that the defendants were precluded from understanding the allegations and from presenting their defense. *See, e.g.*, *Southwest Sunsites, Inc. v. FTC*, 785 F.2d 1431, 1435 (9th Cir. 1986); *Sunshine Art Studios, Inc. v. FTC*, 481 F.2d 1171, 1173 (1st Cir. 1973).

It defies credulity for Defendants to suggest that this federal court proceeding violates the tenets of due process.  Defendants have received the required notice through Plaintiff's detailed Complaint.  The Commission states what claims the Commission is alleging are false and unsubstantiated and identifies the advertisements that it is challenging.  Thus, Defendants have been fully appraised of the nature and details of their alleged violations of the FTC Act.  They also will have an opportunity to flesh out the details of the Complaint during the discovery process and have an opportunity to present their defense at trial.  For the reasons stated above, the Court should strike Defendants' sixth defense.

F.    **Defendants Have Not Sufficiently Pled That the Commission Improperly Targeted Them for Prosecution [Sixth and Thirteenth Defenses]**

In their sixth affirmative defense, Defendants allege that FTC representatives enforce the law "pursuant to their personal or subjective predilections."  Answer at 6.  Defendants' thirteenth affirmative defense implies that the FTC has improperly singled them out for prosecution and that such conduct is "arbitrary and capricious."  Answer at 7.

As mentioned above, the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property without due process of law."  *U.S. Const. amend. V.*  The Due Process Clause grants persons a right to equal protection under the law, and protects against selective prosecution.  To prove that a civil or criminal law enforcement agency targeted a person for prosecution, the defendant must show that the agency's action was motivated by a discriminatory purpose and had a discriminatory affect.  *United States v. Armstrong*, 517 U.S. 456, 464-65 (1996).  The standard for demonstrating selective prosecution is "a demanding one" in part because the defendant must overcome the "presumption of regularity" that government

1   agencies "properly discharged their official duties.  *Id.* at 464.; *see also Fog Cutter Capital*

2   *Group, Inc. v. SEC*, 474 F.3d 822, 826 (D.C. Cir. 2007) ("To prove selective prosecution, a

3   claimant must be part of a protected class under the Equal Protection Clause," show that

4   "prosecutors acted with bad intent"); *U.S. v. Sage Pharm., Inc.*, 210 F.3d 475, 480 (5th Cir.

5   2000) (holding that to prevail against the U.S. Food and Drug Administration on a claim of

6   selective prosecution, defendant must show "that there was an impermissible basis for the

7   decision to institute [an] enforcement action against [the defendant], 'such as race, religion, or

8   other arbitrary classification'") (*citing Armstrong*, 517 U.S. at 464).

9          Further, a defendant is not entitled to obtain discovery in support of a claim of selective

10  prosecution unless he or she makes "a credible showing of different treatment of similarly

11  situated persons." *Armstrong*, 517 U.S. at 470.  This threshold requirement "adequately balances

12  the Government's interest in vigorous prosecution and the defendant's interest in avoiding

13  selective prosecution." *Id.*  Requiring law enforcement officials to comb through every file in a

14  certain category of cases "will divert prosecutors' resources and may disclose the Government's

15  prosecutorial strategy.  The justifications for a rigorous standard for the elements of a selective

16  prosecution claim thus require a correspondingly rigorous standard for discovery in aid of such a

17  claim." *Id.* at 468.

18         Defendants do not meet the legal threshold to allege selective prosecution and cannot

19  show that the FTC targeted them for a discriminatory purpose.  Defendants have included this

20  defense in the Answer so they may seek overly broad and burdensome discovery on the FTC, as

21  Defendants' counsel recently did in a similar FTC weight loss case.  *FTC v. Bronson Partners*

22  *LLC,* Case No. 3:04-cv-01866 (D. Conn. 2006), [Docket No. 93], *Ruling on Motion to Compel*

23  *Privileged Documents* (May 10, 2006) (after extensive discovery dispute, court ruled that "FTC

24  claims of privilege are sustained in their entirety.").  If the Court permits this defense to stand,

25  the Commission requests that Defendants be required to file a memorandum within thirty days

26  justifying discovery on their selective prosecution claims and explaining how they have satisfied

27  the threshold requirement in *Armstrong*.  *See, e.g.*, *United States v. Am. Elect. Power Serv.*

28  *Corp.*, 218 F. Supp. 2d 931, 941 (E.D. Ohio 2002) (ordering defendants to justify their selective

1  prosecution claim against the US Government).

2      **G.**    **Neither the Commission Nor Consumers Have Waived Any Claims Against**

3            **the Corporate Defendants [Ninth Defense]**

4        Before addressing Defendants' "contract" argument, it is helpful to review what the FTC

5  has to prove to obtain a judgment in this case.  Section 5(a) of the FTC Act prohibits deceptive

6  acts and practices in or affecting commerce.  15 U.S.C. § 45(a).  Section 12 of the FTC Act

7  prohibits false advertisements for any food, drug, device, or cosmetic.  15 U.S.C. § 52.

8  Deceptive acts and practices under Section 12 also violate Section 5.  15 U.S.C. § 52(b).  For

9  purposes of Section 12, a "false advertisement" is "an advertisement other than labeling, which

10  is misleading in a material respect."  15 U.S.C. § 55(a)(1).  To prevail under Sections 5(a) and

11  12, the FTC need establish only:  (1) that the defendants made a representation or omission; (2)

12  the representation or omission or practice was material; and (3) it was likely to mislead

13  consumers acting reasonably under the circumstances.  *FTC v. Pantron I Corp.*, 33 F.3d 1088,

14  1095 (9th Cir. 1994) (citing *Cliffdale Assocs., Inc.*, 103 F.T.C. 110, 164-65 (1984)); *see also*

15  *Kraft, Inc. v. FTC*, 970 F.2d 311, 314 (7th Cir. 1992).  The Commission need not prove that the

16  defendants intended to deceive consumers or acted in bad faith.  *FTC v. Five-Star Auto Club,*

17  *Inc.*, 97 F. Supp. 2d 502, 526 (S.D.N.Y. 2000) (citing *Beneficial Corp. v. FTC*, 542 F.2d 611,

18  617 (3rd Cir. 1976)).

19        The FTC brings Section 13(b) actions in the public interest to seek redress for all

20  consumer injury caused by violations of the FTC Act.  The FTC's authority to bring an action

21  under Section 13(b) "is not derived from the defendants' contracts with individual consumers,

22  and individual consumers' reliance on misrepresentations is not required."  *FTC v. Bronson*

23  *Partners, LLC*, 2006 U.S. Dist. LEXIS 3315, at *2 (D. Conn. 2006); *see also FTC v. Figgie Int'l,*

24  *Inc.*, 994 F.2d 595, 605 (9th Cir. 1993) (holding that consumer reliance is presumed when the

25  FTC proves consumers purchased the product).

26        Defendants seem to argue that the FTC cannot bring this action because consumers

27  purchased their product, and, thus, entered into a contract with Defendants.  Answer at 6.  This

28  defense, if accepted, would have the anomalous consequence of barring every FTC action in

1  which consumer victims purchased the defendants' product. Thus, Defendants' Ninth Defense

2  should be stricken.

3      **H.    The Commission's Complaint Is Not Moot [Eleventh Defense]**

4      It appears that the mootness defense arises from Defendants' cessation of deceptive

5  advertising of their weight loss product before the Commission filed its Complaint. Mere

6  cessation of wrongdoing does not moot the government's action for injunctive and other

7  equitable relief. In *Rubbermaid, Inc. v. FTC*, 575 F.2d 1169 (6th Cir. 1978), the court stated:

8  "While a suit to enjoin future illegal action may be moot if it is certain that such violations

9  cannot recur, it is likewise well-established that discontinuance of past illegal practices does not

10  necessarily render moot a controversy over an injunction against similar future actions." *Id.* at

11  1172. Defendants would not be likely to cease their deceptive practices absent a permanent

12  injunction. Thus, the mootness defense cannot be maintained.

13      **I.    The Relief the Commission Seeks Is Proper and Is Not Subject to Attack on**

14          **the Basis That There Is an Adequate Remedy at Law [Tenth and Twelfth**

15          **Defense]**

16      It is well settled that courts may grant redress, restitution, or disgorgement of ill-gotten

17  gains in FTC cases pursuant to their equitable powers. *See FTC v. Pantron I*, 33 F.3d 1088,

18  1102 (9th Cir. 1994) (Section 13(b) of the FTC Act "gives the federal courts broad authority to

19  fashion appropriate remedies for violations of the [FTC] Act."); *FTC v. H.N. Singer, Inc.*, 668 F.

20  2d 1107, 1113 (9th Cir. 1982) ("We hold that Congress, when it gave the district court authority

21  to grant a permanent injunction against violations of any provisions of law enforced by the

22  Commission, also gave the district court authority to grant any ancillary relief necessary to

23  accomplish complete justice . . . ."); *FTC v. Atlantex Associates*, 1987 U.S. Dist. LEXIS 10911,

24  at * 36 (S.D. Fla. 1987) ("[It] is an appropriate remedy authorized by this Court's equitable

25  powers to require the individual and corporate Defendants to pay consumer redress in the form

26  of a cash refund . . . ."). Indeed, numerous courts in California have accepted stipulated

27  judgment awarding monetary relief in cases similar to the matter here. *See FTC v. Window Rock*

28  *Enters., Inc.*, 2006 WL 3878430, at *7 (C.D. Cal. 2006) (weight loss case with $160 million

**Plaintiff's Motion to Strike - C-08-00822 SI**                                    **Page 10**

1  judgment); *FTC v. Braswell*, 2005 WL 3618269, at *8 (C.D. Cal. 2005) (weight loss case with

2  $30 million judgment).

3      The fact that a legal remedy may be available to consumers does not prevent the FTC

4  from seeking ancillary equitable relief. *FTC v. Bronson Partners, LLC*, 2006 U.S. Dist. LEXIS

5  3315, at *2-3 (D. Conn. 2006) (striking a similar defense); *FTC v. Hang-Ups Art Enters., Inc.*,

6  1995 U.S. Dist. LEXIS 21444, at *14 (C.D. Cal. 1995) (striking a similar affirmative defense

7  and noting that "the existence of legal remedies for individual consumers under state law does

8  not bar the FTC from seeking equitable relief under the FTC Act; to find otherwise would nullify

9  much of the FTC Act."). Thus, this defense should be stricken.

10 **III.   DEFENDANTS' JURY DEMAND SHOULD BE STRICKEN**

11     The Court also should strike the defendants' demand for a jury trial. Defendants have no

12 right to a jury trial because this action, which invokes the equitable authority of the Court under

13 Sections 13(b) and 19 of the FTC Act, 15 U.S.C. § 53(b) and 57, is strictly equitable in nature.

14     **A.     The Right to Trial by Jury Applies Only to Suits at Law**

15     Because the FTC Act does not provide for jury trial rights, any entitlement to a jury trial

16 under that Act would have to derive from the Seventh Amendment to the U.S. Constitution. *Tull*

17 *v. United States*, 481 U.S. 412, 417 n.3 (1987). The Seventh Amendment preserves the right of

18 trial by jury in "Suits at common law.*" U.S. Const. amend. VII*. In adopting the Seventh

19 Amendment, Congress preserved the right to trial by jury as it existed in 1791. *Granfinaciera,*

20 *S.A. v. Nordberg*, 492 U.S. 33, 41-42 (1989). Accordingly, both the U.S. Supreme Court and the

21 Court of Appeals for the Ninth Circuit interpret the Amendment's reference to "Suits at common

22 law" as limiting the right to a jury trial to "suits in which *legal* rights were to be ascertained and

23 determined, in contradistinction to those where equitable rights alone were recognized, and

24 equitable remedies were administered." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S.

25 340, 348 (1998) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830); *see also Chauffeurs,*

26 *Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990); *Granfinaciera, S.A.*,

27 492 U.S. at 41; *Tull*, 481 U.S. at 417; *Simpson v. Office of Thrift Supervision*, 29 F.3d 1418,

28 1423-24 (9th Cir. 1994); *Spinelli v. Gaughan*, 12 F.3d 853, 855-58 (9th Cir. 1993). Thus, a party

1  is entitled to a jury trial only if its action is similar to one "brought in the English law courts,"

2  where there was a right to jury trial, as opposed to "actions analogous to 18th-century cases tried

3  in courts of equity," where there were no juries. *Tull*, 481 U.S. at 417.

4  **B.    The FTC's Action Against Defendants Is an Action in Equity in Which There**

5  **Is No Right to Trial by Jury**

6      In *Tull v. United States*, the Supreme Court set forth a two-part test for determining

7  whether an action is one grounded in law or in equity: first, the court must examine the nature of

8  the action; second, the court must determine whether the litigant seeks an equitable or legal

9  remedy. *Tull*, 481 U.S. at 417. Further, "[t]he second stage of this analysis is more important

10 than the first." *Granfinaciera, S.A.*, 492 U.S. at 42. Applying this test, the Supreme Court held

11 that although the right to trial by jury exists in actions for civil penalties, a form of punitive legal

12 damages, the right does not exist in actions for restitutionary relief such as disgorgement, an

13 equitable remedy. *Tull*, 481 U.S. at 423-24.

14     As to the first prong of the Supreme Court's test, the FTC's action is wholly equitable in

15 nature. The FTC bring this action pursuant to Section 13(b) of the FTC Act. Complaint at 1-2.

16 As the Court of Appeals for the Ninth Circuit has noted, Section 13(b) of the FTC Act invokes

17 what "used to be the jurisdiction of equity" by granting courts the authority to enter a permanent

18 injunction, as well as to grant all necessary ancillary relief such as rescission of contracts and

19 restitution. *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1112 (9th Cir. 1982). Because the FTC's

20 complaint seeks equitable remedies pursuant to Section 13(b) of the FTC Act, the action

21 undisputably invokes the jurisdiction of equity.

22     As to the second prong of the Supreme Court's test, the remedies the FTC seeks in this

23 case are traditional equitable remedies to restore the status quo. *See Tull*, 481 U.S. at 424. The

24 FTC seeks a permanent injunction, restitution, rescission of contracts, and disgorgement, all of

25 which have been held to be equitable remedies because they would reinstate the parties to their

26 positions prior to the challenged conduct. *Terry*, 494 U.S. at 570 (restitution and disgorgement);

27 *Tull*, 481 U.S. at 423-24 (disgorgement); *Simpson*, 29 F.3d at 1423-24 (restitution); *Spinelli*, 12

28 F.3d at 857 (injunction); *H. N. Singer*, 668 F.2d at 1112-13 (permanent injunctions, restitution,

1    and rescission).  By operation of these remedies, the Court returns to the harmed party that

2    which rightfully belongs to him or her, and takes from the wrong-doer any ill-gotten gains.  Even

3    restitution of money is an equitable remedy distinct from the legal remedy of damages.

4    Therefore, "[m]erely because [the] case involves a claim for restitution of money does not

5    detract from its equitable nature."  *Simpson*, 29 F.3d at 1423-24.  Because the FTC seeks

6    restitutionary relief, the FTC's action is not triable to a jury.

7              **C.    Courts Have Uniformly Stricken Requests for Jury Demands in FTC Cases**

8              For the reasons stated above, courts have uniformly stricken defendants' requests for jury

9    trials in injunctive actions brought pursuant to Sections 13(b) and 19(a) of the FTC Act, 15

10   U.S.C. §§ 53(b), 57b.  *See, e.g.*, *FTC v. Think All Publ'g., LLC*, 2008 WL 793579, at *1 (E.D.

11   Tex. 2008) ("[c]ases have unanimously held that the Seventh Amendment does not provide a

12   right to a trial by jury in actions brought under Section 13(b)."); *FTC v. Seismic Entm't Prods.,*

13   *Inc.*, 441 F. Supp. 2d 349, 353 (D.N.H. 2006); *FTC v. Bronson Partners, LLC,* 2006 U.S. Dist.

14   LEXIS 3315, at *12 (D. Conn. 2006); *FTC v. North East Telecoomms., Ltd.*, 1997 U.S. Dist.

15   LEXIS 10531, at *3 (S.D. Fla. 1997); *FTC v. Hang-Ups Art Enters., Inc.*, 1995 WL 914179, at

16   *4 (N.D. Cal. 1995); *FTC v. Amrep Corp.*, 705 F. Supp. 119, 126 (S.D.N.Y. 1988).

17   Accordingly, the Court should strike Defendants' demand for a jury.

18   **IV.    DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED**

19             Buried in Defendants' demand for attorney's fees is the request that "the Court dismiss,

20   with prejudice, the Complaint and each purported cause of action therein."  Answer at 7.  Under

21   Federal Rule of Civil Procedure 12(b)(6), a district court can dismiss a complaint if it fails to

22   state a claim upon which relief can be granted.  As this Court has noted:

23             "The question presented by a motion to dismiss is not whether the plaintiff will prevail in

24             the action, but whether the plaintiff is entitled to offer evidence in support of the claim.

25             In answering this question, the Court must assume that the plaintiff's allegations are true

26             and must draw all reasonable inferences in the plaintiff's favor.  Even if the face of the

27             pleadings suggests that the chance of recovery is remote, the Court must allow the

28             plaintiff to develop the case at this stage of the proceedings."

1     *Thomas v. Americredit Fin. Corp.*, 2007 WL 2012791, at *1 (N.D. Cal. 2007) (Illston, J.)

2     (citations omitted).  Here, the Commission has submitted a detailed complaint outlining its cause

3     of action against Defendants.  The Complaint states the specific advertising claims that the

4     Commission is challenging as deceptive.  Thus, Defendants' request that the Court dismiss this

5     case should be denied.

6     **V.    CONCLUSION**

7        In light of the foregoing authority, ten of Defendants' affirmative defenses, Defendants'

8     jury demand, and Defendants' request for dismissal of the Complaint should be stricken from

9     their Answer.

10

11            Respectfully submitted,

12

13     DATED: April 24, 2008         /s/ Sarah Schroeder

14            KERRY O'BRIEN

15            SARAH SCHROEDER

            EVAN ROSE

16            Attorneys for Plaintiff

            Federal Trade Commission

17            901 Market Street, Suite 570

            San Francisco, CA 94103

18            (415) 848-5100 (phone)

            (415) 848-5184 (facsimile)

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

This is to certify that on April 24, 2008, I served true and correct copies of the attached:

•  Plaintiff's Motion to Strike Affirmative Defenses and Jury Demand, and Opposition to

Defendants' Request to Dismiss the Complaint

•  [Proposed] Order Striking Affirmative Defenses and Jury Demand, and Denial of

Request to Dismiss the Complaint

by filing the above documents with the Court's ECF System and e-mailing the documents to:


SHELDON S. LUSTIGMAN
ANDREW B. LUSTIGMAN
The Lustigman Firm, P.C.
149 Madison Avenue, Suite 805
New York, NY 10016
E-mail: andy@lustigmanfirm.com
E-mail: shelly@Lfirm.com

ROGERS J. O'DONNELL
RENEE D. WASSERMAN
ALEX J. MORRIS
311 California St., 10th Floor
San Francisco, CA 94104
E-mail: RWasserman@rjo.com

Attorneys for Defendants


I swear under penalty of perjury that the foregoing is true and correct.  Executed this

April 24, 2008, at San Francisco, California.



                                        /s/ Sarah Schroeder
                                        Sarah Schroeder