FEDERAL TRADE COMMISSION
KERRY O'BRIEN (State Bar No. 149264)
SARAH SCHROEDER (State Bar No. 221528)
EVAN ROSE (State Bar No. 253478)
901 Market Street, Suite 570
San Francisco, CA 94103
Telephone: (415)848-5189
Facsimile: (415)848-5184

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

ROGERS JOSEPH O'DONNELL
RENÉE D. WASSERMAN (State Bar No. 108118)
ALEXIS JANSSEN MORRIS (State Bar No. 200264)
311 California Street, 10th Floor
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

THE LUSTIGMAN FIRM, P.C.
SHELDON S. LUSTIGMAN *(admitted pro hac vice)*
ANDREW B. LUSTIGMAN *(admitted pro hac vice)*
149 Madison Avenue, Suite 805
New York, New York 10016
Telephone: 212.683.9180
Facsimile: 212.683.9181

Attorneys for Defendants
MEDLAB, INC., PINNACLE
HOLDINGS, INC., METABOLIC
RESEARCH ASSOCIATES, INC., U.S.A.
HEALTH, INC. AND L. SCOTT
HOLMES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. CV-08-0822-SI |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| MEDLAB, INC., et al., | Date of first filing:  February 6, 2008 |
| Defendants. | Trial Date:  Not yet set |

1    Pursuant to Fed. R. Civ. P. 26(f), Civil L.R. 16-9, and this Court's Order dated
2   February 6, 2008, counsel for Plaintiff Federal Trade Commission and counsel for
3   Defendants Medlab, Inc., Pinnacle Holdings, Inc. ("Pinnacle"), Metabolic Research
4   Associates, Inc., U.S.A. Health, Inc. ("USA Health"), and L. Scott Holmes ("Defendants")
5   conferred telephonically on April 17, 2008. The parties hereby jointly submit this Case
6   Management Statement.

7       **1.    Jurisdiction and Service:**  This Court has subject matter jurisdiction
8   over this matter pursuant to 15 U.S.C. §§ 45(a), 52, and 53(b), and 28 U.S.C. §§ 1331,
9   1337(a), and 1345. No issues exist regarding personal jurisdiction. All Defendants waived
10  service of the summons. With respect to venue, Defendants Holmes, USA Health, and
11  Pinnacle deny that venue is proper. The remaining Defendants reserve the right to challenge
12  the propriety of venue.

13      **2.    Facts:**

14      **Plaintiff's Position:**  Since 2005, Defendants have sold a weight-loss pill to
15  consumers nationwide. During 2005, 2006, and 2007, Defendants made several false and
16  unsubstantiated representations about their weight-loss pill in print advertisements that
17  appeared in Sunday newspaper supplements, including ones that appeared in the *San*
18  *Francisco Chronicle*. In those advertisements, Defendants represented that their pill causes
19  users to lose substantial amounts of weight rapidly without dieting or exercising through
20  statements such as "Lose up to 15 pounds a week" with "Absolutely No Diet or Exercise
21  Needed." Moreover, Defendants represented that "Clinical studies prove it." Defendants
22  also represented that their pill causes permanent or long-term weight loss through statements
23  such as "LOSE ALL YOUR UNWANTED WEIGHT AND KEEP IT OFF OR YOUR MONEY BACK."
24  Plaintiff contends that each of these representations is false and unsubstantiated.

25      This case centers on whether the advertisements contain the representations
26  that Plaintiff alleges and whether those representations are false and unsubstantiated.
27  Through expert testimony, Plaintiff will establish that Defendants' weight-loss pill does not
28  cause rapid, substantial, and permanent weight loss as asserted in Defendants'

Page 2

1   advertisements.  In addition, Plaintiff will show that Defendants lacked competent and

2   reliable scientific evidence to support their claims when the ads were disseminated.

3            **Defendant's Position:**  Between 2005 and approximately January 2007,

4   Defendants Medlab, Metabolic and USA had marketed a weight-loss program to consumers.

5   Defendants Holmes and Pinnacle have not marketed the product. Advertising for the weight-

6   loss program claimed that the pill and program helps users to lose weight as follows:

7   Because the dietary supplement helps the user feel less hungry, he/she naturally eats less and

8   thus is able to lose weight without traditional diet and/or exercise, although the weight loss

9   will be enhanced by following a sensible eating and exercise program. The benefits of the pill

10  were clinically tested and found to be as represented. The statements quoted by Plaintiff have

11  been taken out of context from the advertising.

12           Through expert testimony and otherwise, Defendants will demonstrate that the

13  representations were accurate and that Defendants had a reasonable basis for making such

14  statements at the time the advertising was disseminated.  Moreover, the products were sold

15  with an unconditional money back guarantee of satisfaction so that any consumer who

16  expressed dissatisfaction  was able to obtain a full refund of his or her purchase price.

17           **3.    Legal Issues:**

18           **Plaintiff's Position:**  Legal issues include:

19           A.       Whether the FTC has met its burden of proving that Defendants'

20  advertising was likely to mislead a reasonable consumer in violation of the FTC Act.

21           B.       Whether the FTC has met its burden of proving that Defendant Holmes

22  is personally liable for the violations of the FTC Act.

23           C.       Whether the Court should order equitable relief in the form of consumer

24  redress, disgorgement, and restitution.

25           D.       Whether the FTC has established a basis for a permanent injunctive

26  relief.

27           **Defendant's Position:**  Including the burden of proof issues listed by Plaintiff

28  above, there are several additional legal issues to be litigated, including:

A.   Whether Defendants' actions are privileged and protected commercial speech under the First Amendment to the United States Constitution.

B.   Whether the regulatory standards governing the quantity and quality of the substantiation that Defendants must possess at the time that they make express or implied claims in advertising are unconstitutionally vague.

C.   Whether assuming arguendo that Defendants are found to have violated the Act, whether they should be compelled to disgorge more than the profits that they received.

**4.   Motions:**

**Plaintiff's Position:**  Plaintiff filed a motion to strike affirmative defenses and jury demand now set for hearing on July 18, 2008.  Plaintiff also anticipates filing a motion for summary judgment.

**Defendant's Position:**  Defendants may file a motion to dismiss the complaint against Defendants Holmes and Pinnacle who have not marketed the product and a motion to dismiss for improper venue as to Defendants Holmes, USA Health and Pinnacle as well as motion and/or counter motion for summary judgment as to all Defendants.

**5.   Amendment of Pleadings:**  The parties propose a deadline for amending pleadings of July 1, 2008.

**Plaintiff's Position:**  Plaintiff may dismiss Defendants Medlab, Inc., Metabolic Research Associates, and USA Health if Plaintiff confirms during discovery that they have been dissolved, have not been succeeded by other entities, and have no assets.

**Defendant's Position:**  Defendants do not expect to amend their answer.

**6.   Evidence Preservation:**

**Plaintiff's Position:**  All relevant evidence relating to the Defendants has been preserved.  Custodians of relevant evidence received a litigation hold prior to the outset of litigation, advising them to preserve any materials relating to Defendants.  There have been no ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**Defendant's Position:**  Defendants' position is the same.  All relevant

Page 4

1   evidence has been preserved.

2          **7.    Disclosures:**  The parties have agreed to exchange initial disclosures, as

3   required by Fed. R. Civ. P. 26(a)(1), on or before May 9, 2008.

4          **Plaintiff's Position:**  In its initial disclosures, Plaintiff will have identified each

5   individual or entity that Plaintiff contacted during its investigation of Defendants' practices

6   that has discoverable information that Plaintiff may use to support its claims.  Plaintiff also

7   will have provided copies of or identified all documents that Plaintiff obtained from those

8   individuals or entities and that Plaintiff may use to support its claims.  Plaintiff also may use

9   documents that Defendants provided to Plaintiff during its investigation.  Plaintiff will

10  disclose its estimate of consumer injury and state that the Fed. R. Civ. P. 26(a)(1)(A)(iv)

11  disclosure relating to insurance does not apply to Plaintiff.

12         **Defendants' Position:**  Defendants intend to provide the information required

13  under F.R.C.P. Rule 26.

14         **8.    Discovery:**  The parties have requested an early settlement conference

15  before a magistrate.  If a settlement conference can be scheduled in the short term,

16  Defendants request holding discovery in abeyance pending the settlement process.  If a

17  settlement conference cannot be arranged within 30 days, Defendants agree to begin formal

18  discovery on May 19, 2008.  At Defendants' request, Plaintiff did not begin to seek discovery

19  immediately after the mandatory Rule 26(f) conference on April 17, 2008.  Plaintiff wishes to

20  begin formal discovery on May 19, 2008, regardless of whether a settlement conference can

21  be arranged within 30 days.

22         The parties jointly propose to the Court the following discovery plan pursuant

23  to Fed. R. Civ. P. 26(f):

24         **Initial Disclosures:**  Please see Item 7 above.

25         **Discovery Scope and Schedule:**  The parties intend to conduct discovery on

26  all matters relevant to issues raised by the Complaint, Answer, and subsequent pleadings and

27  all matters otherwise within the scope of Fed. R. Civ. P. 26(b)(1).

28         Plaintiff may need to propound discovery on the following subjects: the

1  advertisements and their dissemination; Defendants' substantiation for the weight-loss and

2  weight-loss maintenance claims made in their advertisements; the efficacy of Defendants'

3  weight-loss pill as a weight-loss and weight-loss maintenance product; Mr. Holmes'

4  participation in the alleged acts and practices; whether the corporate defendants acted as a

5  common enterprise; and the extent of consumer injury. Plaintiff also may propound

6  discovery relating to the seriousness and deliberateness of Defendants' acts and practices,

7  which is relevant to the appropriateness of the terms of any permanent injunction that

8  Plaintiff may seek.

9        Defendants may need to propound discovery on issues relating to their

10  affirmative defenses, including the regulatory standards governing the quality and quantity of

11  substantiation that Plaintiff claims must be possessed at the time that express or implied

12  claims are made in advertising for weight-loss products and how such standards have been

13  interpreted by Plaintiff. Defendants may also need to conduct discovery regarding arbitrary

14  enforcement and other cases in which the measure of recovery was found to be less than the

15  disgorgement of gross revenues received. Defendants may need to conduct further discovery

16  regarding each individual or entity the Plaintiff contacted during its investigation and

17  Plaintiff's claim of consumer injury.

18        **Electronically Stored Information:** The parties did not reach an agreement

19  regarding the form or forms in which electronically stored information should be produced.

20  At this junction, however, the parties do not anticipate issues relating to disclosure or

21  discovery of electronically stored information.

22        **Claims of Privilege or of Protection as Trial Preparation Materials:** The

23  parties agree to assert any claims of privilege or of protection as trial-preparation materials by

24  submitting a privilege log that conforms to Fed. R. Civ. P. 26(b)(5)(A). The parties also have

25  agreed that, in the privilege log, the parties may group documents by categories (*i.e.*, author,

26  types of documents, the applicable date range, and grounds for the party's assertion of

27  privilege or protection) if those documents have not been communicated outside of the FTC

28  or have been communicated only between Defendants and their counsel.

Page 6

**Discovery Limitations:** The parties propose limiting expert discovery to not require drafts of Rule 26 expert reports. The parties do not propose any other limitations or modifications of the discovery rules.

**Other Orders:** The parties plan to file a proposed stipulated protective order to protect the personally identifiable and private information of individual(s) and any confidential proprietary and privileged documents relating to the business entities.

9.    **Class Actions:** Not applicable.

10.    **Related Cases:** Not applicable.

11.    **Relief:**

**Plaintiff's Position:** Plaintiff seeks a permanent injunction to prevent future violations of the FTC Act by Defendants. It also seeks $2,727,516 to redress injury to consumers resulting from Defendants' violations of the FTC Act. That amount represents Defendants' estimated gross sales of the product in 2005, 2006, and 2007, less refunds. Plaintiff bases this estimate on information that Plaintiff obtained from Defendants' fulfillment house. Plaintiff also seeks the costs of bringing this action.

**Defendant's Position:** No injunctive relief is appropriate because the advertising was discontinued more than a year ago and is not intended to be resumed. If a violation is found to have occurred, the remedy should be limited to offering to provide a refund to all dissatisfied purchasers.

12.    **Settlement and ADR:** The parties have complied with the requirements of ADR L.R. 3-5, including the filing of the appropriate requests and certifications with the Court Docket Nos. 15-17. They have filed a joint stipulation requesting that the Court refer this case to a Magistrate Judge for an early settlement conference. On May 6, 2008, the Court issued an order assigning the case to Magistrate Judge Bernard Zimmerman for Voluntary Settlement Conference.

13.    **Consent to Magistrate Judge For All Purposes:** The parties have not stipulated to a Magistrate Judge for all purposes – only settlement conference.

14.    **Other References:** The parties do not believe the case is suitable for

Page 7

1  reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict

2  Litigation.

3      **15.    Narrowing of Issues:**  The parties are not aware of any issues that

4  could be narrowed by agreement.

5      **16.    Expedited Schedule:**  The parties do not believe this case can be

6  handled on an expedited basis.

7      **17.    Scheduling:**  The parties suggest the following schedule for future

8  proceedings assuming a settlement conference cannot be arranged within 30 days:

9

| Trial | April 1, 2009 |
|---|---|
| Pre-Trial Conference | March 12, 2009 |
| Last day for hearing dispositive motions | January 30, 2009 |
| Last day for filing dispositive motions | November 27, 2008 |
| Discovery Cutoff | November 7, 2008 |
| Rebuttal Expert Witness Depositions Completed | November 7, 2008 |
| Rebuttal Expert Witness Disclosures | October 3, 2008 |
| Affirmative Expert Witness Depositions Completed | September 12, 2008 |
| Affirmative Expert Witness Disclosures | August 4, 2008 |
| Deadline for Amending Pleadings | July 1, 2008 |
| Discovery Begins | May 19, 2008 |
| Answer Filed | April 4, 2008 |

22      **18.    Trial:**

23          **Plaintiff's Position:**  Plaintiff requests a bench trial and estimates that the trial

24  will last four days.

25          **Defendants' Position:**  Defendants request a jury trial and estimate that the

26  trial will last four days.

27      **19.    Disclosure of Non-party Interested Entities or Persons:**

28          **Plaintiff's Position:**  Civil Local Rule 3-16 does not apply to Plaintiff, as a

268284.1

1

2

3

4

SHELDON S. LUSTIGMAN
ANDREW B. LUSTIGMAN
The Lustigman Firm, P.C.
149 Madison Avenue, Suite 805
New York, NY 10016
(212) 683-9180 (phone)
(212) 683-9181 (facsimile)

5

Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT – CASE NO: CV-08-0822-SI

268284.1

1    government agency.

2    **Defendants' Position:** Defendants have filed the "Certification of Interested

3    Entities or Persons" required by Civil Local Rule 3-16. The undersigned certifies that as of

4    this date, other than the named parties, there is no such interest to report.

5    **20.    Such other matters as may facilitate the just, speedy, and**

6    **inexpensive disposition of this matter:**

7    A.    **Service of Court Filings:** In addition to the Court's electronic filing

8    system, the parties agree to serve such papers by email and, if the document exceeds 30

9    pages, by first class or overnight mail.

10    B.    **Service of Discovery Requests on the Parties:** The parties agree to

11    email such requests to the receiving party in a word processing format, such as Word or

12    WordPerfect.

13    Other than as addressed above, the parties are not aware of any other matters as

14    may facilitate the just, speedy, and inexpensive disposition of this matter.

15

16    Respectfully submitted,

17    DATED: _____5/8_____, 2008    _____

18    KERRY O'BRIEN
     SARAH SCHROEDER
19    EVAN ROSE
     Attorneys for Plaintiff
20    Federal Trade Commission
     901 Market Street, Suite 570
21    San Francisco, CA 94103
     (415) 848-5100 (phone)
22    (415) 848-5184 (facsimile)

23
     DATED: _____5/7_____, 2008    _____
24
     RENEE D. WASSERMAN
25    ALEXIS JANSSEN MORRIS
     Rogers Joseph O'Donnell
26    311 California Street, 10th Floor
     San Francisco, California 94104
27    (415) 956-2828 (phone)
     (415) 956-6457 (facsimile)
28

JOINT CASE MANAGEMENT STATEMENT – CASE NO: CV-08-0822-SI

268284.1