Federal Trade Commission
Kerry O'Brien (Cal. Bar No. 149264)
Sarah Schroeder (Cal. Bar No. 221528)
Evan Rose (Cal. Bar No. 253478)
901 Market Street, Suite 570
San Francisco, CA 94103
Telephone: (415) 848-5100
Facsimile: (415) 848-5184
Email addresses: kobrien@ftc.gov
                 sschroeder@ftc.gov
                 erose@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Sheldon S. Lustigman (admitted *pro hac vice*)
Andrew B. Lustigman (admitted *pro hac vice*)
The Lustigman Firm, P.C.
149 Madison Avenue, Suite 805
New York, NY 10016
Telephone: (212) 683-9180 ext. 15
Facsimile: (212) 683-9181
Email addresses: shelly@lustigmanfirm.com
                 andy@lustigmanfirm.com

Rogers Joseph O'Donnell
Renée D. Wasserman (Cal. Bar No. 108118)
Alexis Janssen Morris (Cal. Bar No. 200264)
311 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 956-2828
Facsimile: (415) 956-6457
Email address: RWasserman@rjo.com

Attorneys for Defendants
MEDLAB, INC., PINNACLE HOLDINGS, INC.,
METABOLIC RESEARCH ASSOCIATES, INC.,
U.S.A. HEALTH, INC., AND L. SCOTT HOLMES

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MEDLAB, INC., et al.,<br><br>Defendants. | No. CV-08-00822 SI<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL TREATMENT OF DOCUMENTS PRODUCED IN DISCOVERY** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, ensure that protection is afforded only to material so designated, and protect personally identifiable and private information, Plaintiff Federal Trade Commission ("FTC") and Defendants Medlab, Inc., Pinnacle Holdings, Inc., Metabolic Research Associates, Inc., U.S.A. Health, Inc., and L. Scott Holmes hereby stipulate to and request that the Court enter an Order requiring that:

1. Documents, interrogatory answers, responses to requests for admission, deposition testimony, deposition exhibits, recorded or graphic matter, and other materials, tangible objects, and information (hereinafter "MATERIALS") that contain trade secret or other confidential research, development, technical, commercial, financial, or private information, personal data identifiers listed in Local Rule 3-17(a), or PERSONALLY IDENTIFIABLE INFORMATION (defined in this paragraph, below) produced, provided, or filed in this action by any party or non-party, including such MATERIALS produced in response to any compulsory process served before the entry date of this Order or to any Federal Trade Commission Civil Investigative Demand, may be designated CONFIDENTIAL by any party, and thereby made subject to the provisions of this Order. MATERIALS independently discovered by a receiving party are not subject to the provisions of this Order. PERSONALLY IDENTIFIABLE INFORMATION includes an individual's social security number, or an individual's name or address or phone number in combination with one or more of the following: date of birth; driver's license number or other state identification number, or a foreign country equivalent; passport number; financial account number; or credit card or debit card number. For purposes of this Order, PERSONALLY IDENTIFIABLE INFORMATION also includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or condition of an individual, and to the provision of or payment for health care to an individual.

2. A designation that MATERIALS are CONFIDENTIAL shall constitute a representation by the designating party, in good faith and after careful determination, that the MATERIALS so designated are eligible for such designation pursuant to Paragraph 1.

**PROTECTIVE ORDER - CV-08-00822 SI**                                      Page 2 of 11

3.     PERSONALLY IDENTIFIABLE INFORMATION shall be afforded all the protections of this Order afforded to other CONFIDENTIAL MATERIALS, but also shall be secured by any receiving party in such a manner as to minimize the possibility of unintentional disclosure, including the physical storage thereof in a secure area or law office, the electronic storage thereof on a password-protected computer or system which may be accessed only by persons qualified to have access to the PERSONALLY IDENTIFIABLE INFORMATION pursuant to the terms of this Order, and the shipment thereof only to other qualified persons by a trackable method with restricted delivery to such qualified persons.

4.     During the course of a deposition of a party or as a result of an interrogatory or a request for admission, if a response calls for the disclosure of CONFIDENTIAL MATERIALS, to the extent possible, the responding party should so designate such MATERIALS as CONFIDENTIAL in responding to the questions, and if the CONFIDENTIAL MATERIALS are elicited during a deposition, the party shall instruct the court reporter that the answers to the questions, along with any questions that incorporate CONFIDENTIAL MATERIALS, should be marked "CONFIDENTIAL" in the transcript. Any party may, on the record of any deposition or by written notice to counsel for all parties no later than thirty days after the deposition transcript is first made available to that party, designate portions thereof as CONFIDENTIAL under the terms of this Order. Until the end of such thirty-day period, the deposition transcript will be deemed to be designated CONFIDENTIAL in its entirety under the terms of this Order. Thereafter, only those portions of the deposition transcript designated CONFIDENTIAL shall be so treated, except that, to the extent possible, all copies of deposition transcripts that contain CONFIDENTIAL MATERIALS shall be prominently marked "CONFIDENTIAL" on the cover thereof. This designation may be accomplished either (a) by marking "CONFIDENTIAL" every page of the transcript that contains CONFIDENTIAL MATERIALS or (b) by notifying all parties of the transcript page and line numbers of the pages deemed to be CONFIDENTIAL, and marking the first and last such pages of such ranges as "CONFIDENTIAL – START" and "CONFIDENTIAL – END," respectively. Transcript pages designated CONFIDENTIAL by either method of designation shall be entitled to the same protections under this Order.

5. With respect to all MATERIALS provided for inspection by a party's counsel, all CONFIDENTIAL MATERIALS shall be stamped "CONFIDENTIAL" by the party desiring such designation, or otherwise designated by such party in writing, within thirty days of production. Until the end of such thirty-day period, the document production will be deemed to be designated CONFIDENTIAL in its entirety under the terms of this Order. A designation of CONFIDENTIAL by stamping or labeling need not be made until after counsel for the inspecting party has inspected the MATERIALS and selected MATERIALS to be copied. Making MATERIALS available for inspection shall not constitute a waiver of any claim to designate such MATERIALS as CONFIDENTIAL, and all MATERIALS provided for inspection by a party's counsel shall be treated as though designated CONFIDENTIAL at the time of inspection.

6. Any party, within thirty days of the party's receipt of any MATERIALS in this matter from any non-party in response to compulsory process, may designate as CONFIDENTIAL under the terms of this Order any MATERIALS that are produced in response to compulsory process served on a non-party. This designation may be accomplished either (a) by marking every page of CONFIDENTIAL MATERIALS "CONFIDENTIAL," or (b) by notifying all parties of the Bates ranges of MATERIALS deemed CONFIDENTIAL, and marking the first and last such pages of such ranges as "CONFIDENTIAL – START" and "CONFIDENTIAL – END," respectively. MATERIALS designated CONFIDENTIAL by either method of designation shall be entitled to the same protections under this Order. Prior to the expiration of the thirty-day period following the respective parties' receipt of such MATERIALS, any such MATERIALS produced will be deemed to be CONFIDENTIAL in their entirety under the terms of this Order. Thereafter, only those portions of the MATERIALS designated CONFIDENTIAL through either of the above-described methods shall be so treated.

7. CONFIDENTIAL MATERIALS, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such CONFIDENTIAL MATERIALS, shall not be used for any purpose by the receiving party except for purposes in connection with this litigation. Notwithstanding the foregoing, nothing in this Order shall impose any restrictions on

1  the use or disclosure of CONFIDENTIAL MATERIALS by the FTC as provided by: (1) the
2  FTC's Rules of Practice and any cases construing them; (2) Sections 6(f) and 21 of the Federal
3  Trade Commission Act and any cases construing them; and (3) any other legal obligation
4  imposed upon the FTC, except that the FTC shall provide notice to the Defendants of any such
5  disclosure where permitted by law, in advance of such disclosure.

6      8.    CONFIDENTIAL MATERIALS, including any writing or communication
7  reproducing, paraphrasing, or otherwise disclosing such CONFIDENTIAL MATERIALS, shall
8  not be disclosed to any person by the receiving party except to the following persons:

9      (a)    The Defendants in this action, including the executives or other personnel
10 of the Defendants who are participants with respect to policy decisions for the trial or pretrial
11 preparations with reference to this action and any personnel having a good-faith, reasonable need
12 for obtaining access to the CONFIDENTIAL MATERIALS.

13     (b)    FTC Commissioners and other employees of the FTC (including
14 consultants not covered under Subparagraph 8(c) below), the parties' respective counsel of
15 record in this action, including the associates and paralegal, secretarial, clerical, and other
16 regular and temporary employees of such counsel assisting such counsel and including
17 employees of any firm retained to reproduce or store the CONFIDENTIAL MATERIALS for
18 use in accordance with this Order.

19     (c)    The independent experts or consultants retained or consulted by the parties
20 in this action, including the employees of such experts or consultants who are assigned to assist
21 such experts or consultants.

22     (d)    Any person who prepared or originated the CONFIDENTIAL
23 MATERIALS, who is indicated on the face of the CONFIDENTIAL MATERIALS as a
24 recipient of a copy thereof, who otherwise legitimately received a copy of the CONFIDENTIAL
25 MATERIALS other than through a document production in this litigation, or who is a witness or
26 witness's counsel at deposition or trial where the CONFIDENTIAL MATERIALS are
27 reasonably related to the testimony of such witness, and court reporters and persons preparing
28 transcripts of testimony.

Case 3:08-cv-00822-SI    Document 41    Filed 08/05/2008    Page 6 of 13

   (e) The Court and related officials involved in this litigation or any other proceeding in which the CONFIDENTIAL MATERIALS are used, including judges, magistrates, commissioners, referees, jurors, and other personnel of the Court; provided, however, that any MATERIALS designated CONFIDENTIAL and lodged or filed with the Court are filed in accordance with the procedures for filing under seal as described in Paragraph 11 below.

   (f) Any person designated by the Court in the interest of justice, upon such terms as the Court deems proper.

  9. Prior to disclosing CONFIDENTIAL MATERIALS to any person listed in Subparagraphs 8(c) or 8(d), the receiving party shall:

   (a) provide such person with a copy of this Order; and

   (b) obtain from such person a signed statement in the form attached hereto as Exhibit A. Such statement shall be retained by counsel for the party and need not be filed with the Court or served upon opposing counsel unless requested for good cause or ordered by the Court.

  10. Any person listed in Subparagraphs 8(a) through 8(d) who receives CONFIDENTIAL MATERIALS shall:

   (a) read this Order;

   (b) use such CONFIDENTIAL MATERIALS only for purposes permitted by this Order; and

   (c) not disclose or discuss such CONFIDENTIAL MATERIALS other than as permitted by this Order.

  11. All CONFIDENTIAL MATERIALS that are lodged or filed with the Court, including any pleading or other document reproducing, paraphrasing, or otherwise disclosing such CONFIDENTIAL MATERIALS, shall be lodged or filed pursuant to this Order in a sealed envelope or other appropriate sealed container marked in the manner required by the Court and Local Rule 79-5 for lodging and filing such MATERIALS under seal. Nothing contained in this Order shall be construed to limit the requirements of Local Rule 3-17(a) to redact, exclude, or

**PROTECTIVE ORDER - CV-08-00822 SI**           Page 6 of 11

submit under seal any information or documents described in that rule.

12. Nothing contained herein shall be construed to prejudice any party's right to use any CONFIDENTIAL MATERIALS or other information for any purpose in this litigation.

13. Nothing contained herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial. This Order has no effect upon, and its scope shall not extend to, any party's use of its own discovery MATERIALS.

14. Any party who has designated any MATERIALS as CONFIDENTIAL pursuant to this Order may consent to the removal of such designation by so notifying counsel for the other parties in writing.

15. Any party may challenge a designation of CONFIDENTIAL and request removal of the MATERIALS or their designation as CONFIDENTIAL as follows:

(a) The party seeking such removal shall give the party who designated the MATERIALS as CONFIDENTIAL written notice thereof specifying the MATERIALS as to which such removal is sought and the reason for the request.

(b) If the parties cannot reach agreement concerning the matter within fifteen days after such notice, then the party requesting the removal of such MATERIALS or their designation as CONFIDENTIAL may file and serve a motion for an order of the Court directing that the MATERIALS or their designation as CONFIDENTIAL be removed.

(c) For CONFIDENTIAL MATERIALS other than PERSONALLY IDENTIFIABLE INFORMATION, the party desiring to maintain their designation as CONFIDENTIAL shall have the burden of establishing grounds for such treatment. The burden of establishing that any PERSONALLY IDENTIFIABLE INFORMATION should not be considered CONFIDENTIAL shall be upon the party seeking to remove the designation.

16. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate MATERIALS in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this

**PROTECTIVE ORDER - CV-08-00822 SI**             Page 7 of 11

1  Order shall neither be construed as a waiver of any right to object to the furnishing of
2  MATERIALS in response to discovery nor relieve any party of the obligation of producing
3  MATERIALS in the course of discovery.
4      17.    If a party through inadvertence produces or provides discovery of any
5  MATERIALS without designating them as CONFIDENTIAL as provided in this Order, the
6  party shall promptly give written notice to the receiving party that the MATERIALS are
7  CONFIDENTIAL and should be treated in accordance with this Order. The receiving party shall
8  treat such MATERIALS as CONFIDENTIAL from the date that such notice is received.
9  Disclosure of such MATERIALS prior to receipt of such notice to persons not authorized to
10 receive CONFIDENTIAL MATERIALS shall not be deemed a violation of this Order; however,
11 those persons to whom disclosure was made are to be advised that the MATERIALS disclosed
12 are CONFIDENTIAL and must be treated in accordance with this Order.
13     18.    In the case of any accidental or inadvertent disclosure of CONFIDENTIAL
14 MATERIALS or any other disclosure not in accordance with this Order, counsel for the party
15 responsible for the disclosure shall promptly notify counsel for the party who designated the
16 MATERIALS as CONFIDENTIAL (or the individual whose PERSONALLY IDENTIFIABLE
17 INFORMATION was disclosed) of the disclosure and make every effort to prevent further
18 disclosure, including attempting to retrieve all copies of the CONFIDENTIAL MATERIALS
19 from the recipients thereof, and attempting to secure the agreement of the recipients not to
20 further disseminate the CONFIDENTIAL MATERIALS in any form.
21     19.    At the time that any consultant, expert, or other person retained to assist counsel
22 in this action concludes participation in this action, such person shall return to counsel all copies
23 of MATERIALS or portions thereof designated CONFIDENTIAL that are in the possession of
24 such person, together with notes, memoranda, or other papers reproducing, paraphrasing, or
25 otherwise disclosing CONFIDENTIAL MATERIALS, or certify as to their destruction.
26 Furthermore, within thirty days after the completion of this litigation all CONFIDENTIAL
27 MATERIALS, including any writing or communication reproducing, paraphrasing, or otherwise
28 disclosing such CONFIDENTIAL MATERIALS, shall be collected by counsel for the receiving

**PROTECTIVE ORDER - CV-08-00822 SI**    Page 8 of 11

party and either destroyed or returned to the party or non-party who produced, provided, or filed the MATERIALS; provided, however, that attorney work product or pleadings reproducing, paraphrasing, or otherwise disclosing CONFIDENTIAL MATERIALS may be retained in counsel's files subject to the other paragraphs of this Order, providing that such CONFIDENTIAL MATERIALS shall not be used for any purpose outside of those permitted by this Order. For purposes of this Order, this action shall be considered completed when the entire proceeding has been resolved and any related orders have become final and non-appealable.

20. All parties and other persons who receive CONFIDENTIAL MATERIALS shall be under a continuing duty not to disclose such MATERIALS, except as permitted in this Order, and this duty shall continue in full force and effect after the completion of this litigation.

21. In the event additional persons or entities become parties to this litigation, they shall be bound by this Order unless and until a different Protective Order is entered with respect to such additional parties.

1  IT IS SO STIPULATED.

2

3  DATED: August 5, 2008            *[signature]*
                                     KERRY O'BRIEN
4                                    SARAH SCHROEDER
                                     EVAN ROSE
5                                    Attorneys for Plaintiff
                                     Federal Trade Commission
6                                    901 Market Street, Suite 570
                                     San Francisco, CA 94103
7                                    (415) 848-5100 (phone)
                                     (415) 848-5184 (facsimile)
8

9
   DATED: August 5, 2008            *[signature]*
10                                   SHELDON S. LUSTIGMAN
                                     ANDREW B. LUSTIGMAN
11                                   The Lustigman Firm, P.C.
                                     149 Madison Avenue, Suite 805
12                                   New York, NY 10016
                                     (212) 683-9180 (phone)
13                                   (212) 683-9181 (facsimile)

14                                   RENEE D. WASSERMAN
                                     ALEXIS JANSSEN MORRIS
15                                   Rogers Joseph O'Donnell
                                     311 California Street, 10th Floor
16                                   San Francisco, CA 94104
                                     (415) 956-2828 (phone)
17                                   (415) 956-6457 (facsimile)

18                                   Attorneys for Defendants

19

20

21

22

23

24

25

26

27

28

**PROTECTIVE ORDER - CV-08-00822 SI**                            Page 10 of 11

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
HONORABLE SUSAN ILLSTON
United States District Judge

Case 3:08-cv-00822-SI   Document 42   Filed 08/11/2008   Page 12 of 13
Case 3:08-cv-00822-SI   Document 41   Filed 08/05/2008   Page 12 of 11

EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| FEDERAL TRADE COMMISSION, | No. CV-08-00822 SI |
|---|---|
| Plaintiff, | |
| v. | ACKNOWLEDGMENT OF STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL TREATMENT OF DOCUMENTS PRODUCED IN DISCOVERY |
| MEDLAB, INC., et al., | |
| Defendants. | |

This acknowledges that I have read the Protective Order entered in the above-captioned case on [fill in the date the Court entered the Protective Order] and I agree to be bound by the terms of that Protective Order.

As a condition precedent to my receipt or review of any MATERIALS designated CONFIDENTIAL pursuant to that Protective Order, I hereby agree that the Protective Order shall be deemed to be directed to and shall include me, and I shall observe and comply with all of its provisions.

I further understand and agree that I am not permitted to use, and I shall not use, CONFIDENTIAL MATERIALS for any purpose other than those permitted under this Order.

Date: _____        Signature: _____

                                       Printed Name: _____

# CERTIFICATE OF SERVICE

This is to certify that on **August 5, 2008**, I served true and correct copies of the attached:

- Stipulation and [Proposed] Protective Order Regarding Confidential Treatment of Documents Produced in Discovery

by filing the above documents with the Court's ECF System and e-mailing the documents to:

SHELDON S. LUSTIGMAN
ANDREW B. LUSTIGMAN
The Lustigman Firm, P.C.
149 Madison Avenue, Suite 805
New York, NY 10016
E-mail address: andy@lustigmanfirm.com
E-mail address: shelly@lustigmanfirm.com

RENEE D. WASSERMAN
ALEX J. MORRIS
ROGERS J. O'DONNELL
311 California Street, 10th Floor
San Francisco, CA 94104
E-mail address: RWasserman@rjo.com
Attorneys for Defendants

I swear under penalty of perjury that the foregoing is true and correct. Executed this **August 5, 2008**, at San Francisco, California.

/s/ Evan Rose

Evan Rose

**PROTECTIVE ORDER - CV-08-00822 SI**